WILLIAM W. DENNIS *v.* NEEDHAM HEMINGWAY *et ux.*

No proceeding can be had on a bill for the foreclosure of a mortgage, if it appear that any judgment has been obtained on a suit at law for the money demanded by such bill, or any part thereof, unless, to an execution against the property of the defendant in such judgment, the sheriff shall have returned the execution unsatisfied, in whole or in part, and that defendant has no property to satisfy the execution except the mortgaged premises.

To prevent proceedings on a foreclosure bill, it is not necessary that judgment shall have been rendered on the bond or note accompanying the mortgage, but for the money for which the mortgage was given.

DEMURRER to a bill of foreclosure.

The bill sets forth a bond and mortgage of defendant and wife to complainant, dated June 3d, 1842, for $235.06, payable, with interest, on or before the 15th day of November then next; and that the bond and mortgage were given to secure the payment of $235.06 due complainant on a judgment recovered in favor of one Sullivan R. Kelsey, against said Needham Hemingway, in the Circuit Court for the county of Oakland, on the 29th day of November, 1841, of which judgment complainant was, and still is, the true and equitable owner. It did not appear from the bill that execution had been taken out on the judgment, and on that account the demurrer was interposed.

*E. B. Harrington*, in support of the demurrer.

*Barstow & Lockwood*, contra.

THE CHANCELLOR. The bond and mortgage were not taken in payment or satisfaction of the judgment, which is still in force, but as collateral security for its payment

merely. Their only effect was, to stay execution on the judgment, until the fifteenth day of November then next.

No proceedings can be had on a bill for the foreclosure of a mortgage, if it appear that any judgment has been obtained on a suit at law, for the money demanded by such bill, or any part thereof, unless to an execution against the property of the defendant in such judgment, the sheriff shall have returned the execution unsatisfied in whole or in part, and that defendant has no property to satisfy the execution, except the mortgaged premises. *R. S.* 377, § 109. The statute does not require the judgment should have been rendered on the bond or note accompanying the mortgage, but for the money for which the mortgage was given. The judgment is in the name of Kelsey, but complainant is the owner of it, and there is nothing to prevent his taking out execution in Kelsey's name, and collecting the money. Payment of the judgment to Kelsey, with a knowledge that it belongs to complainant, would not be a satisfaction of the judgment. As to construction of statute, see 4 *Paige R.* 549; 8 *Paige R.* 648; and 9 *Paige R.* 137.

Demurrer allowed, with leave to complainant to amend, on paying costs within twenty days.